OPINION
{¶ 1} On September 21, 2005, appellee, Tuscarawas County Job and Family Services, filed a complaint for permanent custody of Jaylynn Bodenheimer born January 8, 2001, Jocelyn Berry born November 2, 2002 and Karly Bunton born August 12, 2004. An amended complaint was filed on September 26, 2005, alleging the children to be neglected and dependent. Mother of the children is Angie Berry; father of Jaylynn and Jocelyn is Jason Bodenheimer and father of Karly is appellant, Chris Bunton.
 {¶ 2} On September 30, 2005, Mr. Bodenheimer's parents, Anthony and Tami Angelo, filed a motion for temporary and legal custody of the children.
 {¶ 3} By judgment entry filed October 25, 2005, the trial court found the children to be neglected and dependent.
 {¶ 4} On November 10, 2005, Ms. Berry's father and stepmother, James and Debbie Berry, filed a motion to intervene, seeking legal custody of the children.
 {¶ 5} Dispositional hearings were held on November 15, and December 9, 2005. By judgment entry filed December 15, 2005, the trial court granted permanent custody of the children to appellee.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "THE TRIAL COURT IMPROPERLY AWARDED PERMANENT CUSTODY BECAUSE TUSCARAWAS COUNTY JOB AND FAMILY SERVICES FAILED TO MAKE REASONABLE EFFORTS TO REUNIFY APPELLANT-FATHER WITH HIS CHILD."
 II {¶ 8} "THERE WAS NOT CLEAR AND CONVINCING EVIDENCE FOR THE TRIAL COURT TO FIND THAT THE CHILD COULD NOT BE PLACED WITH THE APPELLANT IN A REASONABLE TIME OR SHOULD NOT BE PLACED WITH THE APPELLANT."
 I, II {¶ 9} Appellant claims the trial court erred in granting permanent custody of the child to appellee. Specifically, appellant claims appellee failed to make reasonable efforts to reunite he and his child, and appellee failed to prove the child could not be placed with him within a reasonable time. We disagree.
 {¶ 10} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
 {¶ 11} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 {¶ 12} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 13} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 14} "(13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child.
 {¶ 15} "(16) Any other factor the court considers relevant."
 {¶ 16} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interest of the child. Said section states relevant factors include, but are not limited to, the following:
 {¶ 17} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 18} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 19} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 20} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 21} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 22} Appellant argues it was error not to establish a case plan for him. It must be noted this is the first time appellant's child has been the subject of a permanent custody complaint. The child's mother, Ms. Berry, has had three other permanent custody complaints filed against her regarding other children, and appellant had been minimally involved in her last case plan. T. at 187. The incident that precipitated the complaint sub judice was a direct result of appellant, unauthorized, taking his child and her two siblings to a party. T. at 9-11, 36-37, 88, 92. He was found in a vehicle with them around 4:30 a.m. T. at 14, 38.
 {¶ 23} Appellee argues pursuant to R.C. 2151.353, it is not required to show reasonable efforts to reunify if the initial requested disposition is for permanent custody alone. We agree with appellee's position and conclude a case plan for appellant was not necessary because appellee moved for permanent custody in the initial complaint. However, appellee is still required to establish that permanent custody is in the best interest of the child and the child cannot be placed with appellant within a reasonable time because of at least one of the factors set forth in R.C. 2151.414(E).
 {¶ 24} Specifically, we find R.C. 2151.414(E)(13) and (16) to apply sub judice. Both appellant and Ms. Berry admitted they were unable to care and provide for the child at this time. T. at 145, 189. Appellant has been in jail most of his adult life and at twenty-three years of age, the longest period of time he has gone without being incarcerated is one year. T. at 184. Appellant has three felony convictions, and at the time of the hearing, was in a correctional institution with a summer 2006 release date. T. at 204. One of his incarcerations was as a result of a domestic violence conviction involving Ms. Berry. T. at 183. Appellant admitted he has done nothing to change his behavioral patterns. T. at 209. Appellant has a history of alcohol and drug abuse, and refused to take a court ordered drug test. T. at 98-99, 100, 185-186, 203, 211.
 {¶ 25} Throughout his testimony, appellant requested that either his mother or Ms. Berry's father and stepmother be given custody as an easy out for access to the child. T. at 189, 193, 205.
 {¶ 26} Against this background, the trial court had the unqualified opinion of the caseworker, Sandy Wood, who opined the children needed to "reside in a stable safe environment." T. at 232. The two older children had already been through grandparent placement which had been terminated unsuccessfully. The children are now doing very well in their current foster home and the foster parents wish to adopt them. T. at 233-234, 238-239.
 {¶ 27} Based upon appellant's criminal history and apparent chosen behavioral patterns, his indifference to driving children around at 4:30 a.m. after he had "partied" and his inability to make any changes, including refusing to cooperate with a court ordered drug test, we find the trial court did not err in awarding appellee permanent custody of the child. The best interest of the child was served by granting permanent custody to appellee.
 {¶ 28} Assignments of Error I and II are denied.
 {¶ 29} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is affirmed.